IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jason Lyons, Chad Wright, Adrian Russo, | ) |
| | ) Case No. 6:17-cv-02362-DCC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| BAIC Inc., VFG Inc., SoBell Ridge Corp., | ) |
| Bradling Financial Group, Veterans Benefit | ) |
| Leverage, Andrew Gamber, Mark Corbett, | ) |
| Candy Kern-Fuller, Upstate Law Group, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on Defendants Bradling Financial Group, Mark Corbett, and Veterans Benefit Leverage's ("the Moving Defendants") Motion to Dismiss for Lack of Jurisdiction. ECF No. 59. Plaintiffs filed a Response in Opposition, and the Moving Defendants filed a Reply. ECF Nos. 63, 64. Accordingly, the Motion is ripe for review.

Plaintiffs bring this action seeking a declaration that Defendants violated 38 U.S.C. § 5301(a) and 37 U.S.C. § 701 and seeking damages for Defendants' alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and civil conspiracy. In their Motion, the Moving Defendants argue this Court cannot exercise personal jurisdiction over Mark Corbett[1] because he lacks minimum contacts with the State of South Carolina. ECF No. 59-1. Specifically,

---

[1] The Moving Defendants also assert that Bradling Financial Group and Veterans Benefit Leverage are trade names through which Corbett conducted business and are not legal entities that are capable of being sued; accordingly, the Moving Defendants contend all jurisdictional arguments applicable to Corbett also apply to Bradling Financial Group and Veterans Benefit Leverage. ECF No. 59-1 at 2.

Corbett asserts that this Court lacks specific and general jurisdiction over him and claims that the exercise of personal jurisdiction over him would be improper under the Due Process Clause. *Id.*

**APPLICABLE LAW AND ANALYSIS**

For motions to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists based on specific facts in the record. *See* Fed. R. Civ. P. 12(b)(2); *see also Tetrev v. Pride Int'l, Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006); *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the federal Constitution's Due Process safeguards. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Because South Carolina's long-arm statute extends personal jurisdiction to the outer bounds of due process, the two-prong test collapses into a single inquiry here: whether the exercise of jurisdiction over this defendant in this matter comports with due process, based on the defendant's contacts with the forum state. *See* S.C. Code § 36-2-803.

RICO authorizes nationwide service of process.[2] *See ESAB Group v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997); *Resolutions Med. Corp., v. Strategic Prod. Dev., Inc.*, C/A No. 2:12-cv-02793-RMG, 2013 WL 12156812 (D.S.C. Jan. 4, 2013); *Weese v. Savicorp, Inc.*, C/A No. 2:13-cv-41, 2013 WL 6007499 (N.D. W. Va. Nov. 13, 2013). Therefore, "service of process [in RICO cases] is sufficient to establish the jurisdiction of the federal court over the person of the

---

[2]The statute governing venue and process in RICO cases states that "[a]ll other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(d).

defendant" as long as such jurisdiction comports with due process. *ESAB*, 126 F.3d at 626 (quoting *Hogue v. Milodon Eng'g, Inc.*, 736 F.2d 989, 991 (4th Cir. 1984)). "Where Fifth Amendment due process principles govern the jurisdictional inquiry and a federal statute authorizes nationwide service of process, courts in this Circuit apply a less restrictive 'national contacts' test rather than conducting a traditional 'minimum contacts' analysis."[3] *Weese*, 2013 WL 6007499, at *3 (citing *Hogue*, 736 F.2d at 991). Under a "national contacts" analysis, "the relevant inquiry is . . . whether the defendant has sufficient contacts with the United States as a whole." *Abercrombie v. Continental Cas. Co.*, 295 F.Supp.2d 604, 607 (D.S.C. Dec. 16, 2003). "It is only in highly unusual cases that inconvenience will rise to a level of constitutional concern," and "the burden is on the defendant to show that the burden of distant litigation is so great as to put him at a severe disadvantage." *ESAB*, 126 F.3d at 627 (internal quotations omitted) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997)).

The Moving Defendants contend that this Court cannot exercise personal jurisdiction over them because they lack minimum contacts with the State of South Carlina. However this minimum contacts argument is misplaced. Under RICO, a national contacts test is used, which analyzes whether a defendant has sufficient contacts with the United States as a whole. Clearly, the Moving Defendants have such contacts. Moreover, the burden is on the defendant to show that the exercise of personal jurisdiction over him would put him at a severe disadvantage and that the disadvantage would rise to the level of a constitutional concern. The Moving Defendants have failed to

---

[3]The due process constraint on service under 18 U.S.C. § 1965(d) is based upon the Fifth Amendment rather than the Fourteenth Amendment. *ESAB Group*, 126 F.3d at 626–27.

demonstrate such a severe disadvantage. *See Weese*, 2013 WL 6007499, at *4 ("While litigating in West Virginia will undoubtedly pose some inconvenience to defendants, given their location in California, the burdens defendants identify—in the main, distance and cost—are not so unusual or extreme as to implicate constitutional concerns.").

## **CONCLUSION**

Wherefore, based upon the foregoing, Defendants Bradling Financial Group, Mark Corbett, and Veterans Benefit Leverage's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

**IT IS SO ORDERED**.

> s/Donald C. Coggins, Jr.
> United States District Judge

March 13, 2018
Spartanburg, South Carolina