IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jason Lyons, Chad Wright, Adrian Russo, | ) |
| | ) Case No. 6:17-cv-02362-DCC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| BAIC Inc., VFG Inc., SoBell Ridge Corp., | ) |
| Bradling Financial Group, Veterans Benefit | ) |
| Leverage, Andrew Gamber, Mark Corbett, | ) |
| Candy Kern-Fuller, Upstate Law Group, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendants Candy Kern-Fuller and the Upstate Law Group's ("the Upstate Defendants") Motion to Dismiss for Failure to State a Claim and Defendants Bradling Financial Group, Mark Corbett, and Veteran's Benefit Leverage's ("the Corbett Defendants") Motion to Dismiss. ECF Nos. 39, 60. Plaintiffs filed Responses in Opposition, and the Upstate Defendants filed a Reply. ECF Nos. 48, 53, 62. Accordingly, the Motions are ripe for review.

Plaintiffs bring this action seeking a declaration that Defendants violated 38 U.S.C. § 5301(a) and 37 U.S.C. § 701 and seeking damages for Defendants' alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and civil conspiracy. Plaintiffs allege that Defendants maintained websites designed to attract veterans in need of money. Plaintiffs contend that Defendants promised an up-front lump sum in exchange for the veteran's agreement to sell a portion of their military pension to an investor and to allow Defendants to deduct certain fees. Plaintiffs assert that Corbett operated websites

designed to attract prospective veterans and once they signed the agreements, their pensions were redirected to Kern-Fuller's IOLTA account; Kern-Fuller would then distribute the proceeds.

In their Motion, the Upstate Defendants argue that Plaintiffs have failed to allege sufficient allegations to state a claim against them with respect to Plaintiffs' request for declaratory judgment and their claims under RICO and civil conspiracy. The Upstate Defendants also assert that this action is barred by the applicable statute of limitations. The Corbett Defendants join in the Upstate Defendants' Motion and assert that the arguments raised by the Upstate Defendants apply with equal force to them.[1]

## APPLICABLE LAW

*Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule

---

[1] Both the Upstate Defendants and the Corbett Defendants appear to argue that any arguments that apply to the individual Defendants—Kern-Fuller and Corbett—are equally applicable to the business entity Defendants—Upstate Law Group, Bradling Financial Group, and Veteran's Benefit Leverage. Accordingly, the Upstate Defendants and the Corbett Defendants direct most of their arguments at Kern-Fuller and Corbett.

12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

***Rule 9(b)***

Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," when a party alleges "fraud or mistake," he or she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Particularity requires that the claimant state "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice

and Procedure: Civil § 1297 at 590 (2d 1990)). A primary purpose of Rule 9(b) is to ensure "that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of." *Harrison*, 176 F.3d at 784 (internal citations omitted). Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6). *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

## DISCUSSION

### *Declaratory Judgment*

Count I of Plaintiffs' Amended Complaint seeks a declaratory judgment that Defendants' conduct violates the Federal Anti-Assignment Acts. ECF No. 17 ¶ 79. The Upstate Defendants and the Corbett Defendants have moved to dismiss this claim, alleging that they are not parties to the contracts at issue in this case and, thus, that the Court cannot declare their acts unlawful. In response, Plaintiffs contend that the Court has the authority to declare that Defendants' conduct in perpetuating a scheme to violate the Federal Anti-Assignment Acts was unlawful. After a review of the arguments of the parties and the relevant law, the Court concludes that the Upstate Defendants and the Corbett Defendants' Motions to Dismiss Count I of the Amended Complaint should be denied.

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)

4

(quoting 28 U.S.C. § 2201(a)). The Supreme Court of the United States has "explained that the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Id.* (quoting 28 U.S.C. § 2201(a)) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

Plaintiffs have comprehensively pled the details of the alleged scheme, including the Defendants' participation, and asserts that this scheme violates well-established federal law. *See, e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (summarizing the requirements for Article III standing). Under well-established Supreme Court precedent, those allegations satisfy Article III standing and are sufficient at the pleading stage under the Declaratory Judgment Act. Defendants' protestations to the contrary, which rely on their claims that they are not a party to the underlying contracts, are immaterial in light of Plaintiffs' allegations that the Defendants' *conduct* (as opposed to the contracts alone) are unlawful. Accordingly, Defendants' Motions to Dismiss, with respect to Plaintiffs' request for declaratory judgment, are denied.

### *RICO*

The Upstate Defendants argue that Plaintiffs have failed to allege that Kern-Fuller committed any predicate acts. Specifically, the Upstate Defendants contend that Plaintiffs have failed to satisfy the heightened pleading requirement of Rule 9 in order to base a RICO claim on a mail or wire fraud scheme. The Upstate Defendants further assert Plaintiffs have failed to allege Kern-Fuller operated or managed a criminal enterprise, Plaintiffs suffered any injuries caused by Kern-Fuller's predicate acts, a pattern of

racketeering, or Kern-Fuller engaged in an "enterprise." Finally, the Upstate Defendants contend that claims based on conduct that would otherwise amount to securities fraud cannot be brought in an action for civil RICO. The Court will address each argument.

In order for a civil RICO claim to survive a Rule 12(b)(6) motion to dismiss, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The plaintiff must additionally plead proximate cause, such that she was injured in her business or property "by reason of" the RICO violation. *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010).

With respect the Upstate Defendants' contention that Plaintiffs have not alleged that Kern-Fuller operated or managed a criminal enterprise, plaintiffs allege that Kern-Fuller controlled the IOLTA account through which payments to and from Defendants flow in connection with the alleged pension scheme. ECF No. 7 ¶18. Plaintiffs further allege that Kern-Fuller assisted veterans in obtaining identification and financial verification documents and sued allegedly defaulting veterans in an effort to enforce the agreements. The Court further finds that Plaintiffs have alleged that Corbett operated and maintained different websites related to the scheme. *Id*. ¶ 14. Accordingly, the Court finds that Plaintiffs have alleged sufficient facts to survive a motion to dismiss. *See Reeves v. Ernst and Young*, 507 U.S. 170, 171 (1993) ("An enterprise is 'operated' not just by upper management" but "also might be 'operated' or 'managed' by others 'associated with' the enterprise who exert control over it."); *Thomas v. Ross & Hardies*, 9 F.Supp.2d 547, 554–55 (D. Md. 1998) ("A person may violate § 1962(c) if he conducts the affairs of an enterprise, even though he

does so through the provision of professional services.").

Likewise, Plaintiffs have sufficiently plead that Plaintiffs were injured by Kern-Fuller's and Corbett's predicate acts. The Upstate Defendants contend that, where fraud is the alleged predicate act, a plaintiff must allege that he "justifiably relied, to his detriment, on the defendant's material misrepresentation" to sufficiently plead proximate cause. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233 (4th Cir. 2004). Here, Plaintiffs assert that Kern-Fuller consulted with other Defendants in setting the standard terms and conditions used in connection with the transactions and the misleading and deceptive disclosures made to veterans. ECF No. 17 ¶ 84. Plaintiffs also allege that Corbett failed to disclose the effective interest rate Plaintiffs would be charged once they entered into the pension agreement. *Id*. ¶ 61. Accordingly, at this procedural posture, Plaintiffs have plausibly alleged that Kern-Fuller and Corbett's actions caused injury to Plaintiffs.[2]

The Court further finds that Plaintiffs have sufficiently alleged that Kern-Fuller and Corbett engaged in an "enterprise." Plaintiffs have alleged that Kern-Fuller and Corbett

---

[2]The Court notes that, at the hearing on these Motions, the Upstate Defendants' counsel argued the relevance of a recent Fourth Circuit Court of Appeals decision regarding the proximate cause requirements. In *Slay's Restoration, LLC v. Wright National Flood Insurance Company*, the Fourth Circuit determined that the establishment of proximate cause under RICO "turns on the *directness* of the resultant harm, not the *foreseeability* of that harm." 884 F.3d 489 (4th Cir. 2018). The Fourth Circuit held that the plaintiff had not established that its injury was the direct result of the defendant's acts but instead was the result of a chain of causation. 884 F.3d at 494. Here, the relationship between Plaintiffs and the Upstate Defendants and the Corbett Defendants is not nearly so tenuous. In *Slay*, it appears the plaintiff and defendant did not have direct contact; here, Plaintiffs wired money directly to Kern-Fuller and were solicited by Corbett. Accordingly, the holding in *Slay* is inapplicable to the present action.

engaged in an enterprise that coordinated various corporations and websites to buy Plaintiffs and other veterans' benefits and funnel the proceeds through Kern-Fuller's IOLTA account. *Id*. ¶¶ 21, 83. Accordingly, Plaintiffs have stated a claim sufficient to survive a motion to dismiss.

Plaintiffs have also pled a pattern of racketeering activity with particularity as required by Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a party must state with particularity the circumstances constituting fraud. *See Dealers Supply Co. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) ("Courts have been quick to reject pleadings in which multiple defendants are lumped together and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made . . . ."); *see also Harrison*, 176 F.3d at 783 n.5 ("[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6).").

Plaintiffs' RICO action is predicated on wire fraud and aiding and abetting wire fraud. ECF No. 1 ¶ 89. A plaintiff asserting a RICO claim predicated on fraud must show both (1) a scheme disclosing an intent to defraud and (2) the mails or interstate wires were used in furtherance of the scheme. *Chisholm v. TranSouth Fin. Corp.*, 95 F.3d 331, 336 (4th Cir. 1996). It is certainly possible for defendants to be guilty of RICO violations if they commit two or more acts of mail or wire fraud and the acts are sufficiently related and sufficiently continuous. *Morley v. Cohen*, 888 F.2d 1006, 1009–11 (4th Cir. 1989). However, the Fourth Circuit has cautioned courts against basing a RICO claim on predicate acts of mail

8

and wire fraud because "'[i]t will be the unusual fraud that does not enlist the mails and wires in its service at least twice.'" *Anderson v. Foundation for Advancement, Educ. and Employment of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (quoting *International Data Bank, Ltd. v. Zepkin*, 812 F.2d 149, 154–55 (4th Cir. 1987)).

Plaintiffs allege that purchasers[3] would wire their investment funds to Kern-Fuller's IOLTA account; Kern-Fuller would then deduct a percentage for the Defendants' commission and wire the commission proceeds to other Defendants, including Corbett. ECF No. 17 ¶¶ 47–48. Allegedly Kern-Fuller would then deduct fees from the remainder and then wire the balance to the veteran. *Id*. Plaintiffs have alleged at least three instances of this type of wire transfer. *Id*. ¶¶ 61, 68, 74. Corbett and Kern-Fuller are identified with particularity as committing the alleged fraud, in that Kern-Fuller has been identified as the relevant partner of the Upstate Law Group. Thus, Plaintiffs have specified which defendants made false representations, what those representations were, when the representations were made, how the representations were made, and why the representations were false as required by Rule 9(b). *See Gibson v. Confie Ins. Grp. Holdings, Inc.*, C/A No. 2:16-cv-2872-DCN, 2017 WL 2936217 (D.S.C. July 10, 2017). Thus, the Court finds Plaintiffs have pled their RICO claims with sufficient particularity.[4]

---

[3]The Complaint identifies "purchasers" as individuals willing to buy the stream of the veteran's pension income.

[4]Defendants assert that Plaintiffs' RICO claims are predicated on securities fraud, which would subject them to dismissal under the Private Securities Litigation Reform Act. The Court disagrees. Plaintiffs' claims are based on allegations of mail and wire fraud directed at veterans and do not involve the sales of securities. While Defendants may also have committed acts of securities fraud, the references to securities fraud in the Amended

***Civil Conspiracy***

Count III of Plaintiffs' Amended Complaint alleges Civil Conspiracy against all Defendants. Specifically, Plaintiffs allege that "Defendants are engaged in a civil conspiracy to deprive veterans of their pensions and benefits in violation of the Federal Anti-Assignment Acts." ECF No. 17 at 27. In South Carolina, "[a] civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff." *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016). The Upstate Defendants allege five bases for dismissal, the latter four of which are joined by the Corbett Defendants: (1) third-party immunity for attorneys; (2) failure to plead separate acts; (3) failure to plead special damages; (4) failure to state a claim; and (5) statute of limitations. For the reasons detailed below, the Court rejects each of Defendants' arguments at this procedural stage.

First, the Upstate Defendants contend that they are immune from liability because they did not represent Plaintiffs or breach any independent duty to Plaintiffs. As discussed throughout, Plaintiffs have alleged that Defendants were engaged in a complex scheme to enrich themselves in violation of federal law. The law is well-established that "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Stiles v. Onorato*, 457 S.E.2d 601,

Complaint merely provide background to understand the nature and scope of Defendants' alleged scheme.

602 (S.C. 1995). Thus, the Court cannot find that Defendants Candy Kern-Fuller and Upstate Law Group are immune as a matter of law at this stage of the proceedings.

Next, Defendants contend that Plaintiffs have failed to allege any acts in furtherance of the conspiracy separate and apart from other wrongful acts alleged in the Amended Complaint. However, the Amended Complaint contains numerous allegations separate and apart from the predicate RICO acts, including Defendants' representation of themselves as "partners" or as part of a "team," as well as their intimate involvement in obtaining Plaintiffs' funds. These allegations constitute sufficient separate acts to state a claim for civil conspiracy. *See, e.g.* ECF No. 17 at 27–28 (containing Plaintiffs' allegations of civil conspiracy).

Third, Defendants claim that Plaintiffs do not adequately plead special damages. Special damages are "[d]amages for losses that are the natural and proximate, but not the *necessary*, result of the injury [and] may be recovered only when such special damages are sufficiently stated and claimed." *Sheek v. Lee*, 345 S.E.2d 496, 497 (S.C. 1986) (quoting *Hobbs v. Carolina Coca-Cola Bottling Co.*, 10 S.E.2d 25, 28 (S.C. 1940)). Plaintiffs' Amended Complaint alleges that "the acts of the defendants in furtherance of the conspiracy caused the plaintiffs to suffer special damages, including but not limited to financial distress (including the economic losses incurred – directly and indirectly – by virtue of having to pay extortionately high, but undisclosed, rates of imputed interest), emotional distress and mental anguish." ECF No. 17 at 28. Elements of these damages

are unique from those damages sought in Plaintiffs' RICO claim. *See* ECF No. 17 at 26–27. Thus, the Court concludes that Plaintiffs have adequately pled special damages.

Fourth, Defendants claim that "there are no allegations to infer that [Defendants] had an ulterior purpose or intended to specifically harm Plaintiffs." ECF No. 39-1 at 20. However, Defendants correctly note that "the primary inquiry in civil conspiracy is whether the principal purpose of the combination is to injure the plaintiff." *Allegro, Inc.*, 791 S.E.2d at 144 (citing *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (2006)). Plaintiffs have pled this element of civil conspiracy as well as the facts necessary to give rise to this element. *See* ECF No. 17 at 27.

***Statute of Limitations***

With respect to the Upstate Defendants and the Corbett Defendants' argument that Plaintiffs' claims for RICO and civil conspiracy should be dismissed because the applicable statute of limitations has run, the Court finds that this issue cannot be determined at this procedural posture. There is no indication on the face of the Complaint when Plaintiffs knew or should have known of the injuries underlying their causes of action. *See Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.* 828 F.2d 211, 220 (4th Cir. 2010). Accordingly, this argument is not appropriate at this time.

## CONCLUSION

Wherefore, based upon the foregoing, Defendants Bradling Financial Group, Mark Corbett, and Veterans Benefit Leverage's Motion to Dismiss and Defendants Upstate Law Group and Candy Kern-Fuller's Motion to Dismiss are **DENIED**.

**IT IS SO ORDERED**.

April 12, 2018  
Spartanburg, South Carolina

s/Donald C. Coggins, Jr.  
United States District Judge