# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Jason Lyons, Chad Wright, Adrian Russo,<br><br>                      Plaintiffs,<br><br>v.<br><br>BAIC Inc., VFG Inc. *formerly known as Voyager Financial Group*, SoBell Ridge Corp., Bradling Financial Group, Veterans Benefit Leverage, Andrew Gamber, Mark Corbett, Candy Kern-Fuller, and Upstate Law Group,<br><br>                      Defendants. | Case No. 6:17-cv-02362-DCC-KFM |
| Charlotte McFerren, Billy Lee Green, Augustus Bostick, Jr., Mark Adragna, Courtney Koepf,<br><br>                      Plaintiffs,<br><br>v.<br><br>BAIC Inc., VFG Inc. *formerly known as Voyager Financial Group*, SoBell Ridge Corp., Financial Products Distributors LLC, Performance Arbitrage Company, Life Funding Options Inc., Andrew Gamber, Mark Corbett, Katharine Snyder, Michelle Plant, David Woodard, Candy Kern-Fuller, and Upstate Law Group,<br><br>                      Defendants. | Case No. 6:18-cv-01298-DCC-KFM |
| Life Funding Options Inc.,<br><br>                      Counter-Claimant<br><br>v.<br><br>Mark Adragna, Augustus Bostick, Jr., Billy Lee Green, Courtney Koepf, and Charlotte McFerren,<br><br>                      Counter-Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS BAIC, ANDREW GAMBER, SOBELL RIDGE CORP., VOYAGER FINANCIAL GROUP, FINANCIAL PRODUCTS DISTRIBUTORS LLC, AND DAVID WOODARD**

The above-captioned matters (hereinafter, the *Lyons* and *McFerren* matters) are before the Court on Plaintiffs' Motion for Default Judgment as to Defendants BAIC, Andrew Gamber, SoBell Ridge Corp., Voyager Financial Group, Financial Products Distributors LLC, and David Woodard (collectively, the "Defaulting Defendants"), which Plaintiffs submitted as part of their combined Motion for Final Judgments. For the reasons set forth below in the Court's Findings of Fact and Conclusions of Law arising out of the above-captioned matters, Plaintiffs' motion is GRANTED.

"[T]he Fourth Circuit has declared that, upon a plaintiff's application for default judgment, district courts have an obligation to review the complaint to determine whether the plaintiff has alleged well-pleaded facts and, assuming those well-pleaded facts are true, whether the complaint states a 'sufficient basis' on which judgment may be entered." *Silvers v. Iredell Cty. Dep't of Soc. Servs.*, No. 515CV00083RLVDCK, 2016 WL 427953, at *4 (W.D.N.C. Feb. 3, 2016), aff'd, 669 F. App'x 182 (4th Cir. 2016) (citation omitted). For the reasons articulated below, the Court finds that, based upon the well-pled facts that are deemed admitted, the complaints in the *Lyons* and *McFerren* matters state a basis upon which judgment should be entered in favor of the plaintiffs and against the Defaulting Defendants as a matter of law.

For the avoidance of doubt, the Court notes that Performance Arbitrage Company, Life Funding Options Inc., Mark Corbett, Katharine Snyder, Michelle Plant, Candy Kern-Fuller, and Upstate Law Group ("Settling Defendants") have resolved this matter without admitting liability. Nothing herein should be deemed an admission of liability by, or a finding of liability against, any of the Settling Defendants.

Accordingly, **THIS COURT HEREBY ORDERS** that a default judgment shall be entered as to the Defaulting Defendants as set forth below.

## I. INTRODUCTION

These actions were commenced by Jason Lyons, Chad Wright, Adrian Russo, Charlotte McFerren, Billy Lee Green, Augustus Bostick, Jr., Mark Adragna, and Courtney Koepf, (collectively, "Plaintiffs"). Each Defaulting Defendant was properly served via a combination of actual service of Process and by publication reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action.[1] Defendants BAIC, Andrew Gamber, SoBell Ridge Corp., Voyager Financial Group failed to appear, answer, or otherwise plead. The Clerk of the Court entered default against them on March 1, 2018 (*Lyons*) and August 10, 2018 (*McFerren*). ECF 75 (*Lyons*); ECF 47 (*McFerren*).

Defendants Financial Products Distributors LLC, and David Woodard (collectively, the "FPD Defendants"), who are both Defendants in the *McFerren* matter, were also subject to default due to their initial failure to appear; however, the entry of default against these Defendants was set aside by the Court upon consent of the parties when counsel for the FPD Defendants made an appearance. (ECF 61, 62 (*McFerren*)). On May 1, 2019, counsel for the FPD Defendants filed a

---

[1] In the *Lyons* matter, Defendant BAIC was served with a copy of the Amended Complaint on October 13, 2017. ECF 71-1, at 2 (March 1, 2018). Defendant Gamber was served with the Amended Complaint on September 19, 2017, and was served again on October 16, 2017. ECF 72-1, at 2 (March 1, 2018). Defendant SoBell Ridge Corp. was served with the Amended Complaint on October 2, 2017. ECF 73-1, at 2 (March 1, 2018). Defendant VFG was served via publication in the Jonesboro Sun for three consecutive days (December 30, 2017 through January 1, 2018), pursuant to the Court's Order. ECF 45 (December 27, 2017); 47.

In the *McFerren* matter, Defendant BAIC was served on June 5, 2018. ECF 46-3, at 2 (August 3, 2018). Defendant SoBell Ridge Corp. was served on June 13, 2018. ECF 46-4, at 2. Defendant Gamber was served on June 13, 2018. ECF 46-5, at 2. Defendant VFG was served on June 13, 2018. ECF 46-6, at 2.

motion seeking to withdraw as counsel because those Defendants had failed to respond to any of his repeated communications with them since December 4, 2018 and had failed to provide information to respond to Plaintiff's discovery requests. ECF 133 (*McFerren*). On or about August 29, 2019, counsel for the FPD Defendants represented to counsel for Plaintiffs that the FPD Defendants still had not communicated with him. Plaintiffs sought entry of default against the FPD Defendants based on their failure to defend against the Plaintiffs' claims or otherwise engage in any proceedings since December 2018. ECF 156 (*McFerren*). On September 30, 2019, the Court directed the Clerk of Court to enter default judgment against the FPD Defendants based on the failure to defend or participate in the proceedings. ECF 160 (*McFerren*).

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." After the clerk enters default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

Defendants Andrew Gamber and SoBell Ridge Corp., failed to appear, plead, or otherwise defend against these actions. Therefore, default judgment is procedurally appropriate as to these Defendants.

Default judgment is also appropriate as to the FPD Defendants, who initially filed appearances through counsel and then failed to defend against the Plaintiffs' claims or otherwise engage in any proceedings for over ten months. *See, e.g., Hawkins v. i-TV Digitalis Tavkozlesi*, 935 F. 3d 211, 217-222 (4th Cir. 2019) (affirming default judgment where the defendant had

"appeared through counsel in the [ ] proceedings, only to disappear—leading to the default judgment.").

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Federal law declares that any agreements purchasing military pensions or benefits are "prohibited . . . and void from inception." *See* 38 U.S.C. § 5301(a) (veteran benefits); 37 U.S.C. § 701 (noting the prohibition on assignment of military retirement pay) [hereinafter, the "Federal Anti-Assignment Acts"]; *see also In re Moorhous*, 108 F. 3d 51, 55 (4th Cir. 1997) ("No serviceman may assign his pay in advance of the date it becomes due and payable.") (citing *United States v. Smith*, 393 F.2d 318, 321 (5th Cir. 1968)). In fact, 38 U.S.C. § 5301 unequivocally states that agreements involving military compensation or pensions whereby another person "acquires for consideration the right to receive such benefit by payment of such compensation [or] pension" are "deemed to be an assignment and [are] prohibited." 38 U.S.C. § 5301(a)(3)(A). Likewise, 37 U.S.C. § 701(c) states that the assignment of an enlisted military member's pay is prohibited. This restriction applies equally to military pension payments. *See, e.g.*, *Noak and Equity Trust Company v. Byrd*, No. 6:13-AP-01078-SY, ECF No. 66, at 3, 9-10 (Bankr. C.D. Cal. Oct. 28, 2015).

The core purpose of the Federal Anti-Assignment Acts is to ensure that retired and disabled military personnel "actually receive the benefits provide to them from being lost through either the predation of others or their own poor judgement." *Henry v. Structured Investments Co.*, LLC, No. 05CC00167 (Cal. Supr. Ct. Orange Cty. Sept. 7, 2011). Because of the purpose of these statutes, the Supreme Court and lower courts have recognized that Section 701 and Section 5301 must be liberally construed. *See Porter v. Aetna*, 370 U.S. 159, 162 (1962) (discussing predecessor to 38 U.S.C. 5301, and holding that "legislation of this type should be liberally construed . . . to protect funds granted by the Congress for the maintenance and support of the beneficiaries thereof"). *See*

5

*also In re Mary Ann Hyder-Ward*, Case No. 10-20047 (Bankr. D. Me. June 23, 2010) (finding that veteran's pension payments deposited into an account are still exempt: "to the extent that the funds the debtor claims as exempt are traceable to sources from which the debtor would be entitled to exempt payments pursuant to 38 U.S.C. § 5301(a)(1), those funds themselves are also exempt").

It is against this legal backdrop that the Court evaluates the facts of these cases. For the purposes of this Order, the facts as alleged in Plaintiffs' Complaints are deemed admitted as to the Defaulting Defendants. *New Horizons Franchising Grp., Inc. v. Cooke & Moses*, LLC, No. 3:14-CV-03333-JMC, 2015 WL 3542758, at *1 (D.S.C. June 4, 2015) ("When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability.") (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001)).

As the Plaintiffs' Complaints make clear, the Defaulting Defendants have devised and engaged in a scheme that induces veterans to enter into costly, unconscionable agreements that directly violate 38 U.S.C. § 5301 and 37 U.S.C. § 701 (the "Federal Anti-Assignment Acts"). The Defaulting Defendants maintain, directly or indirectly, a network of web sites designed to attract financially desperate veterans (including the Plaintiffs in the *Lyons* and *McFerren* matters) seeking a way out of their financial dilemmas. These Defaulting Defendants promise veterans that they will receive an up-front lump sum distribution in exchange for the veterans' agreement to sell to an investor (i) a certain number and dollar amount of the veteran's military pension or benefits plus (ii) various fees, such as insurance fees to secure the payments in the event the veteran dies before the repayments are made in full.

The Defaulting Defendants extract substantial "commissions"—approximately 40% to 50% of the sum deposited by the Purchasers—in connection with these transactions without disclosing this fact to either the Purchaser buying the military pension or benefits or the veteran

selling his or her military pension or benefit. Various of the Plaintiffs in these matters have submitted declarations detailing the amounts that they paid in connection with this illegal scheme.

The Defaulting Defendants have targeted veterans throughout the United States, including in the state of South Carolina. Indeed, Defaulting Defendants specified in their form agreements that the venue for any dispute raised by a veteran seeking to challenge the agreement shall be in Greenville County, South Carolina.

Consequently, **THE COURT CONCLUDES** that Defaulting Defendants' contracts with Plaintiffs are unenforceable assignments in violation of the Federal Anti-Assignment Acts, that they are void from inception, and that the Defaulting Defendants have engaged in a civil conspiracy to identify and solicit pension sales from veterans that they know or should know are prohibited and void under the Federal Anti-Assignment Acts.

**THE COURT FURTHER CONCLUDES** that it has personal jurisdiction over the Defaulting Defendants. As the Court has previously made clear,[2] Plaintiffs' RICO cause of action authorizes nationwide services of process, 18 U.S.C. § 1965(d), and "service of process [in RICO cases] is sufficient to establish the jurisdiction of the federal court over the person of the defendant" as long as such jurisdiction comports with due process." *ESAB Group v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997). Under RICO, a national contacts test is used to evaluate whether the exercise of jurisdiction comports with due process. *Weese v. Savicorp, Inc.,* C/A No. 2:13-cv-41, 2013 WL 6007499 (N.D. W. Va. Nov. 13, 2013). Clearly, the Defaulting Defendants have such contacts, and in any case, Defaulting Defendants have specified in their form agreements that the venue for any dispute raised by a veteran seeking to challenge the agreement shall be in Greenville

---

[2] Opinion and Order, *Lyons et al. v. BAIC et al.*, No. 6:17-cv-02362-DCC, at 3, ECF No. 77 (March 13, 2018).

County, South Carolina. Moreover, the Defaulting Defendants directly target their business activities toward consumers in the United States, including those in South Carolina.

**THE COURT FURTHER CONCLUDES** that Plaintiffs have sustained damages as a direct and proximate result of Defaulting Defendants' conduct and in an amount that is ascertainable based on the declarations attached to Plaintiffs' Motion. *See Anderson & Strudwick, Inc. v. IBD–Placement & Recruiting Services, LLC*, No. 3:11cv818, 2012 WL 1656504, at *4 (E.D. Va. May 10, 2012) (*citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998)).

Accordingly, **IT IS HEREBY ORDERED** that this Final Judgment is entered against Defaulting Defendants.

**IT IS FURTHER ORDERED** that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys and other persons acting in active concert or participation with them are permanently enjoined and restrained from:

    a. brokering, offering, and/or arranging any agreements between any veteran and any Defaulting Defendant or any third party under which the veteran purports to sell a future right to an income stream from the veteran's military benefits, pension, or compensation (hereinafter, "Veteran's Contracts");

    b. consulting in any form whatsoever with respect to Veteran Contracts;

    c. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication with respect to Veteran Contracts;

d. providing names of, or assisting in the generation of, potential customers with respect to Veteran Contracts;

e. participating in or providing services related to the offering, sale, or servicing of Veteran Contracts, or the collection of payments with respect to Veteran Contracts;

f. assisting others in engaging in any conduct proscribed by this Order; and

g. attempting to enforce any Veteran Contract (or any rights purportedly arising from such contract) in whose creation any Defaulting Defendant played a role.

2. Defaulting Defendants are liable to Plaintiffs as set forth below, jointly and severally, for all sums that Plaintiffs paid in furtherance of their illicit scheme and civil conspiracy to deprive Plaintiffs of their pensions and military benefits in violation of the Federal Anti-Assignment Acts.

    a. Jason Lyons: $39,000.00

    b. Chad Wright: $19,000.00

    c. Adrian Russo: $30,000.00

    d. Charlotte McFerren: $1,000.00

    e. Billy Lee Green 2013: $65,606.00

The foregoing amounts total One-Hundred Fifty-Four Thousand Six-Hundred Six Dollars and Zero Cents ($154,606.00).

3. Plaintiffs Augustus Bostick, Jr., Mark Adragna, and Courtney Koepf do not seek any relief from Defaulting Defendants beyond the injunctive relief provided in this Order.

**IT IS FURTHER ORDERED** that in light of (1) this Default Judgment Order as to the Defaulting Defendants; (2) the Agreed Order for Permanent Injunction and Dismissal of Action as to Defendant Corbett; and (3) the Agreed Order for Permanent Injunction and Dismissal of Action

as to Consenting Defendants, the above-captioned actions are terminated and administratively closed in their entirety, subject only this Court's continuing power to enforce the injunctions entered herein.

**IT IS SO ORDERED.**

s/Donald C. Coggins, Jr.<br>United States District Judge

October 28, 2019
Spartanburg, South Carolina